UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CHRISTINA ILIADIS,

    Plaintiff,

v.

FOUR LAKES EDUCATION, INC.;
K12 INC.;
MACFARLAND SCHOOL DISTRICT;
NICH SUTHERLAND;
CINDY WORDEN;

    Defendants.

COMPLAINT
Case Number: 19-cv-232

---

Plaintiff, Christina Iliadis, through her attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, alleges in this Complaint as follows:

**NATURE OF THE CASE**

1. Plaintiff, Christina Iliadis ("Iliadis"), alleges that Defendants, Four Lakes Education, Inc., K12 Inc., MacFarland School District, Nich Sutherland and Cindy Worden violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, et. seq.]; when they interfered with her FMLA rights and discharged her because of her anticipated FMLA-protected absences.

2. Iliadis alleges that the Defendants, Four Lakes Education, Inc., K12 Inc. and MacFarland School District violated the Pregnancy Discrimination Act of 1978, ("PDA"), which Amended Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e(k), *et seq.*; 29 C.F.R. § 1604.10] to prohibit sex discrimination on the basis of pregnancy, by discriminating against her and terminating her employment because of her pregnancy and anticipated maternity leave.

**JURISDICTION AND VENUE**

3. Jurisdiction over Iliadis' claims under the FMLA and PDA are conferred on this Court by 29 U.S.C. § 2617(a)(2), 42 U.S.C. § 2000e-5(f), and 29 U.S.C. § 1331.

4. The Western District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. § 1391, because the Defendants reside in the Western District and their unlawful actions occurred in the Western District.

**CONDITIONS PRECEDENT**

5. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

**JURY DEMAND**

6. Iliadis demands that her case be tried to a jury of her peers.

**PARTIES**

7. Plaintiff, Iliadis, is an adult who resides at 610 N. Greenleaf Street, Gurnee, Illinois 60031.

8. Defendant, Four Lakes Education, Inc. ("FLE"), is a corporation organized and existing under the laws of the State of Wisconsin, which operates a virtual education service, with its principal place of business at 4709 Dale-Curtin Drive, McFarland, Wisconsin 53558.

9. Defendant, K12 Inc., ("K12") is a foreign corporation organized and existing under the laws of the State of Delaware, which operates a virtual education service at 4709 Dale-Curtin Drive, McFarland, Wisconsin 53558, and has Nicholas P. Wahl as its Registered Agent at 833 E. Michigan St., #1800, Milwaukee, WI 53202.

10. Defendant, MacFarland School District ("MSD"), is a school district organized under the laws of the State of Wisconsin, which operates a virtual education service at 4709

Dale-Curtin Drive, McFarland, Wisconsin 53558, and has principal offices at 5101 Farwell St., McFarland, WI 53558.

11.     Defendant, Nich Sutherland ("Sutherland"), is an adult who resides at 856 Tower Hill Dr., Milton, WI 53563, and at all times relevant hereto was an agent for Defendants, FLE, K12 and MSD.

12.     Defendant, Cindy Worden ("Worden"), is an adult who resides at W9821 Dunn Rd., Fox Lake, WI 53933, and at all times relevant hereto was an agent for Defendants, FLE, K12 and MSD.

**OPERATIVE FACTS**

13.     On October 17, 2014, Iliadis commenced employment with Defendants, FLE, K12 and MSD as a high school counselor.

14.     The Defendants had the power to hire and fire Iliadis.

15.     The Defendants supervised and controlled Iliadis' work schedule and conditions of employment.

16.     The Defendants determined the rate and method of payment to Iliadis.

17.     The Defendants maintained employment records.

18.     The Defendants exercised control over the working conditions of Iliadis.

19.     Iliadis worked more than 1,250 hours during the relevant time period.

20.     The Defendants, FLE, K12 and MSD employed more than 50 employees during the relevant period.

21.     Iliadis performed her job satisfactorily or better.

22.     In February 2015, Iliadis informed Defendants' administrators she was pregnant and would be taking up to 12 weeks of maternity leave. In response, Defendants' administrator

told Iliadis, in the presence of Defendant Worden, that Iliadis could only take two weeks of leave or she would be terminated.

23. Defendants' unlawful interference with Iliadis' FMLA rights was reversed through Defendants' human resources department.

24. On March 15, 2018, Iliadis emailed Defendants' administrators informing them she was pregnant and would be taking up to 12 weeks of maternity leave.

25. On May 2, 2018, Defendants terminated Iliadis in a meeting during which they denied knowledge of Iliadis' pregnancy, despite previously confirming it by email.

26. Defendants notified Iliadis that she was being terminated because she did not take good notes; sent an email to the wrong student; did not account for a student's graduation; received poor reviews; and gave a student an assignment extension without permission.

27. None of Defendants' stated reasons for termination were brought to Iliadis' attention prior to their May 2, 2018 meeting.

28. Defendants provided Iliadis with no documentation of concerns about her performance.

29. With the exception of sending an email to the wrong student (which was an immaterial mistake that did not violate The Federal Educational Rights and Privacy Act), none of Defendants' stated reasons for the termination of Iliadis' employment were accurate.

30. Defendants' stated reasons for the adverse actions against Iliadis were interference with her FMLA rights, retaliation for her exercise of FMLA rights, and a pretext for pregnancy discrimination.

31. Iliadis was eligible for FMLA's protections.

32. Defendants were covered by the FMLA.

33. Iliadis provided Defendants with sufficient notice of her intent to take FMLA leave.

34. Defendants denied Iliadis FMLA benefits to which she was entitled.

35. Defendants took materially adverse actions against Iliadis by terminating her employment and benefits because she was pregnant and exercised her rights protected under the FMLA.

36. Iliadis' protected conduct and status as a pregnant woman were substantial or motivating factors in Defendants' decision to terminate her employment.

37. The Defendants' violation of Iliadis' legal rights has caused her to suffer wage loss, benefits loss, expenses, pain and suffering, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, and impairment to her reputation and career, all to her damage.

**FIRST CLAIM FOR RELIEF**
**FMLA INTERFERENCE §2615(A)(1)**

38. As and for a first claim for relief, Iliadis re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

39. Defendants deprived Iliadis of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that she was eligible for the FMLA's protections, Defendants were covered by the FMLA, Iliadis was entitled to leave under the FMLA, she provided sufficient notice of her intent to take FMLA-qualifying leave, and Defendants denied her FMLA benefits to which she was entitled.

40. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants, were not made with good faith or reasonable grounds for

believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

41. The allegations more particularly described above caused Iliadis wage loss, benefits loss, and expenses, all to her damage.

**SECOND CLAIM FOR RELIEF**
**FMLA RETALIATION §2615(a)(2)**

42. As and for a second claim for relief, Iliadis re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

43. Defendants violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating her on account of her activity that would be protected by the FMLA.

44. The allegations more particularly described above regarding the intentional discriminatory practices of Defendants, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

45. The allegations more particularly described above caused Iliadis wage loss, benefits loss, and expenses, all to her damage.

**THIRD CLAIM FOR RELIEF**
**PREGNANCY DISCRIMINATION**

46. As and for a third claim for relief, Plaintiff re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

47. Defendants, FLE, K12 and MSD violated Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e(k), *et seq.*] and the PDA, by discriminating against and terminating Plaintiff due to her pregnancy and anticipated maternity leave.

48. The allegations more particularly described above regarding the intentional

discriminatory practices of Defendants, FLE, K12 and MSD, were especially malicious, reckless, and damaging so as to avail the Plaintiff to punitive and compensatory damages as contemplated by the PDA and Title VII.

49. The allegations more particularly described above caused Plaintiff wage loss, benefits loss, expenses, pain and suffering, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, and impairment to her reputation and career, all to her damage.

WHEREFORE Plaintiff demands relief as follows:

a. damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation, pursuant to 29 U.S.C. § 2617;

b. the interest on said damages calculated at the prevailing rate pursuant to 29 U.S.C. § 2617;

c. equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d. a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e. reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f. costs of the action pursuant to 29 U.S.C. § 2617;

g. an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617;

h. damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the PDA violation, pursuant to 42 U.S.C. § 2000e-5(g);

i. injunctive, equitable, and/or declaratory relief by reason of the PDA violation, pursuant to 42 U.S.C. § 2000e-5(g);

j. punitive and compensatory damages by reason of the PDA violation, pursuant to 42 U.S.C. § 1981a *et seq.*;

k. a reasonable attorney's fee by reason of the PDA violation, pursuant to 42 U.S.C. § 2000e-5(g) and (k);

l. pre- and post-judgment interest; and

m. such other relief as the court deems just and equitable.

Dated this 25th day of March, 2019.

s/ Alan C. Olson
Alan C. Olson, SBN: 1008953
Attorneys for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI  53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com